**UNITED STATES of America,**
**Appellee,**

v.

**David IMGRUND, Appellant.**

No. 00–2539.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 2001.

Decided April 3, 2001.

Before MORRIS SHEPPARD
ARNOLD and HEANEY, Circuit Judges,
and TUNHEIM,[1] District Judge.

[UNPUBLISHED]

PER CURIAM.

This is the second time that this case
has been before us. In *United States v.*

1. The Honorable John R. Tunheim, United States District Judge for the District of Minne-sota, sitting by designation.

*Imgrund,* 208 F.3d 1070, 1073 (8th Cir. 2000), we remanded the matter to the district court for resentencing. We held that Mr. Imgrund's sentence could not properly be enhanced for distributing pornographic images of children, *see* U.S.S.G. § 2G2.2(b)(2)(B), unless the government proved that Mr. Imgrund had an "expectation of receiving pornographic images in exchange for the images [that] he sent," *id.* at 1073. On resentencing, the district court held that the government had met that burden and applied the enhancement. We reverse.

It is true that Mr. Imgrund sent pornographic images in the hopes of receiving some in return, for he inquired whether his correspondent had any pictures in a manner and context clearly carrying an implied invitation to respond in like kind. But a hope is not an expectation. An expectation could arise only from a previous exchange with the correspondent, a demonstrated custom of exchange commonly observed in the circumstances that the case presented, or, at the very least, a previous agreement to exchange. Since proof of such matters was absent here, the district court erroneously applied the enhancement.

The case ￼is remanded to the district court for further proceedings not inconsistent with this opinion.